IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SUPREME KING JUSTICE ALLAH, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:15cv00311 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JOHN A. WOODSON, *et al.*, | ) | By: Norman K. Moon |
|     Defendants. | ) | United States District Judge |

Supreme King Justice Allah, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by confiscating his Five Percenter materials, convicting him of possessing gang related material, and upholding his disciplinary conviction on appeal. Defendants filed a motion for summary judgment and Allah responded, making this matter ripe for disposition. Having considered the record, I conclude that the defendants' motion for summary judgment must be granted.

## I.

Allah arrived at the Augusta Correctional Center ("Augusta") on January 30, 2013. Allah alleges that prior to his arrival at Augusta, he possessed a document titled "They Call Them Five Percenters" for five years while housed in both regional and state facilities within Virginia. Allah states that, upon his arrival at Augusta, his property was inventoried in accordance with Virginia Department of Corrections ("VDOC") procedures. On May 14, 2013, a second box of Allah's personal property was delivered to Augusta. That same day, correctional center staff, including defendant Intel Officer Lokey, came to Allah's cell, confiscated all of his personal papers, and gave him a Notification of Confiscation form indicating that it was for "all of his personal papers taken on May 14, 2013." Allah states that on May 16, 2013, all of his personal papers taken two days earlier were returned to him with the exception of the document titled

"They Call Them Five Percenters" and a thesis that Allah was writing on the subject. Allah states that he was not given a second Notification of Confiscation form that day. On May 18, 2013, Allah was charged with a disciplinary infraction for possessing "gang related material or paraphernalia." Later that day, Allah submitted a request for documentary evidence, seeking copies of a Notification of Confiscation form dated May 16, 2013, and VDOC Operating Procedure 802.1, "Offender Property".

On June 3, 2013, Allah was taken to a disciplinary hearing before defendant Disciplinary Hearing Officer ("DHO") Hostetter. At the hearing, Allah told DHO Hostetter that he had not received his requested documentary evidence. DHO Hostetter told Allah that the requested documents were not relevant to his charge and denied the request. DHO Hostetter found Allah guilty of possessing "gang related material or paraphernalia" and imposed a penalty of a reprimand. Allah appealed and defendant Warden Woodson denied the appeal.

Allah contends that defendant Intel Officer Lokey violated his First Amendment and due process rights by confiscating his Five Percenter materials, and that defendants DHO Hostetter and Warden Woodson violated his due process and equal protection rights when DHO Hostetter denied him the documentary evidence at the disciplinary hearing and Warden Woodson upheld the disciplinary conviction on appeal.

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (recognizing a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant). "Material facts" are those facts necessary to establish

2

the elements of a party's cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. *Id.* The moving party has the burden of showing — "that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific, admissible facts that demonstrate the existence of a genuine dispute of fact for trial. *Id.* at 322-23. A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

## III.

Allah alleges that defendant Intel Officer Lokey violated his First Amendment and due process rights on May 16, 2013, when he confiscated Allah's Five Percenter materials. I conclude that these claims are untimely filed and, therefore, grant defendants' motion for summary judgment as to these claims.

For purposes of the statute of limitations, § 1983 claims are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred. *Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983). Allah's claims of constitutional violations

3

took place in Virginia and, therefore, Virginia law concerning statute of limitations governs this case. Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code § 8.01-243(A); *Almond v. Kent*, 459 F.2d 200, 203-04 (4th Cir. 1972). Under these principles, a plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues.[1]

In this case, Allah's claims against Intel Officer Lokey accrued on May 16, 2013. Allah filed this action on June 2, 2015, more than two years after the alleged causes of action accrued. Accordingly, I conclude that Allah's claims against Intel Officer Lokey are barred by the statute of limitations and, thus, will grant defendants' motion for summary judgment as to these claims.

## IV.

Allah alleges that defendants DHO Hostetter and Warden Woodson violated his due process and equal protection rights when DHO Hostetter denied the documentary evidence at his disciplinary hearing and when Warden Woodson upheld his disciplinary conviction on appeal. In their motion for summary judgment, defendants argue that these claims are barred from review under the doctrines of *res judicata* and collateral estoppel, and that they nevertheless fail to state a federal claim. Although defendants have not provided enough information for me to determine whether the doctrines of *res judicata* and collateral estoppel apply, Allah's allegations against DHO Hostetter and Warden Woodson fail to state a cognizable federal claim and, therefore, I will grant defendants' motion for summary judgment as to these claims.

Federal courts have traditionally adhered to the doctrines of *res judicata* and collateral

---

[1] Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *See Brooks v. City of Winston Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979). An inmate's action is commenced for purposes of the statute of limitations as soon as he delivers his complaint to prison authorities for mailing to the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988), *Lewis v. Richmond City Police Dep't, et al.*, 947 F.2d 733, 735 (4th Cir. 1991). In Virginia, then, if an inmate has not delivered his complaint to prison officials for mailing within the two year period following the time when he knew or had reason to know of his alleged injury, that inmate is barred by the Virginia statute of limitations from bringing suit.

4

estoppel. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Id.* Federal courts apply state *res judicata* law in determining the preclusive effects of a state court judgment. *Greengael, LC v. Bd. of Sup'rs of Culpepper Cnty., Va.*, 313 F. App'x 577, 579 (4th Cir. 2008). Virginia's claim preclusion doctrine bars "relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies." *Martin-Bangura v. Va. Dep't of Mental Health*, 640 F.Supp.2d 729, 738 (E.D. Va. 2009) (quoting *Smith v. Ware*, 421 S.E.2d 444 (1992)). The party asserting that a claim is precluded must "show that the previous judgment was a valid, final judgment on the merits." *Id.* Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94. To apply collateral estoppel to an issue or fact, the proponent must demonstrate that: 1) the issue or fact is identical to the one previously litigated; 2) the issue or fact was actually resolved in the prior proceeding; 3) the issue or fact was critical and necessary to the judgment in the prior proceeding; 4) the judgment in the prior proceeding is final and valid; and 5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding. *Sedlack v. Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

In the instant case, Allah has repeated substantially the same allegations against defendants DHO Hostetter and Warden Woodson that he raised in a previous state court proceeding in the Augusta County Circuit Court.[2] *Allah v. Commonwealth, et al.*, Case No. CL13-1670 (Va. Cir. Ct. Aug. 20, 2016). In the state court proceeding, the court found that the defendants' special plea of sovereign immunity and demurrer were "well-taken," sustained both

---

[2] Allah also named the Commonwealth of Virginia as a defendant in the state court proceeding.

5

"for the reasons stated" in defendants' special plea and demurrer, and dismissed the case. Defendants provide the court with a copy of Allah's complaint in that case and the circuit court's order dismissing the case. However, defendants do not provide a copy of their special plea of sovereign immunity and demurrer, to which the circuit court expressly cites. Accordingly, based on the record before me, I conclude that I do not have enough information to determine whether the doctrines of *res judicata* and collateral estoppel apply in this instance. However, Allah's allegations against DHO Hostetter and Warden Woodson fail to state a cognizable federal claim and, therefore, I will grant defendants' motion for summary judgment as to these claims.

To establish a violation of procedural due process guaranteed by the Fourteenth Amendment, an inmate must demonstrate a deprivation of "life, liberty, or property" by governmental action. *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir.1997). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). I conclude that the sanction of a reprimand did not constitute an atypical or significant hardship on Allah in relation to the ordinary incidents of prison life. Therefore, Allah's allegations do not state a due process violation against DHO Hostetter and Warden Woodson and, thus, I will grant the defendants' motion for summary judgment as to this claim.

Allah's allegations in his complaint also fail to state an equal protection claim. To establish an equal protection violation, a plaintiff must first demonstrate that he has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of

6

scrutiny. *See Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977); *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). To succeed on an equal protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). Mere conclusory allegations of discrimination are insufficient to state a claim. *Spaulding v. Dixon, et al.*, No. 90-7315, 1990 U.S. App. LEXIS 15560, *2 (4th Cir. Sept. 4, 1990); *Chapman v. Reynolds*, 378 F. Supp. 1137, 1139 (W.D. Va. July 12, 1974). Allah summarily alleges that defendants DHO Hostetter and Warden Woodson violated his right to equal protection of the law, but he provides no facts to support such a claim. Allah's allegations do not demonstrate that the defendants treated him differently from other inmates with whom he was similarly situated or that any unequal treatment was the result of intentional or purposeful discrimination. Accordingly, I find that Allah has not demonstrated an equal protection violation and, therefore, I will grant defendants' motion for summary judgment as to this claim.

## V.

For the reasons stated herein, I will grant defendants' motion for summary judgment.

ENTER: This  24th  day of August, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

7

Case 7:15-cv-00311-NKM-RSB   Document 30   Filed 08/24/16   Page 7 of 7   Pageid#: 207