IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SUPREME KING JUSTICE ALLAH | CASE NO. 7:15-cv-00311 |
| v. | MEMORANDUM OPINION |
| JOHN A. WOODSON, ET. AL, *Defendant*. | JUDGE NORMAN K. MOON |

Supreme King Justice Allah, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Woodson, Hostetter, and Lokey (collectively "Defendants") violated his constitutional rights. This Court granted Defendants' motion for summary judgment on August 24, 2016. (Dkt. 31). Almost two years later, Allah filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b)(2) and 60(b)(6). (Dkt. 37). Allah's motion is untimely under Rule 60(c)(1) and does not meet the extraordinary circumstances required for relief under Rule 60(b)(6). Therefore, it should be denied.[1]

### I.   Background

Allah initially brought this action on June 8, 2015, (dkt. 1), two and a half years after he arrived at the Augusta Correctional Center ("Augusta"). (Dkt. 30). In his initial complaint, Allah claimed that Defendant Lokey violated Allah's First Amendment rights by confiscating a document entitled "They Call them Five Percenters." (Dkt. 1). Allah further claimed that Defendants Hostetter and Woodsen violated his due process and equal protection rights when

---

[1]   Allah has also filed a Motion for Default Judgment, (dkt. 38), and a Motion to Amend/Correct, (dkt. 39), asking the Court to construe his motion for default judgment as a motion for summary judgment. Insofar as the Court denies Allah's motion for reconsideration, and does not reopen this case, these motions should be denied as moot.

1

Defendant Hostetter denied Allah documentary evidence of a disciplinary hearing and Defendant Woodson upheld the disciplinary conviction on appeal.

In its 2016 memorandum opinion, this Court granted Defendants' motion for summary judgment because Allah's First Amendment claims were untimely filed. (Dkt. 30). The Court reasoned that, "for the purposes of the statute of limitations, § 1983 claims are considered personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurs." (*Id.*) (*citing Lewellen v. Morley*, 875 F.2d 118, 120 (7th Cir. 1989); *Hardin v. Straub*, 490 U.S> 536, 539 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279 (1985); and *Blanck v. McKeen*, 707 F.2d 817, 819 (4th Cir. 1983)). Allah's claims took place in Virginia, and therefore Virginia's two-year statute of limitations for general, personal injury claims applies. (*Id. see* Va. Code 8.01-243(A)). The alleged violation occurred on May 16, 2013 and this action was filed on June 2, 2015, accordingly Allah's claims against Defendant Lokey were barred by the statute of limitations. (*Id.*).

The Court also granted Defendants' motion for summary judgment as to Allah's claims of due process and equal protection violations. Regarding the due process claim, the Court stated that Allah did not demonstrate that he had been deprived of life, liberty, or property, as required to establish a violation of procedural due process. (*Id.* (*citing Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997)). As for the equal protection claim, the Court found that Allah did not set forth the necessary "'specific, non-conclusory factual allegations that establish improper motive,'" required to state a claim for violation of equal protection. (*Id.*) (*quoting Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003)).

Allah did not appeal the grant of summary judgment, but, almost two years after the final order in this case was entered, he filed this motion pursuant to Fed. R. Civ. Pro. 60(b). (Dkt. 37).

The basis of his Rule 60 motion is *Coward v. Robinson*, 276 F.Supp.3d 544, 566 (E.D.Va. 2017), which held that, based on the record before the court, the plaintiff in that case had "carried his burden of proving that the [Nation of Gods and Earths] is a religion." Accordingly, Allah states that "the Nation of Gods and Earths was not a Security Threat Group and was a lawful religious organization", and that the material he possessed, which was associated with the group, was not gang paraphernalia. (Dkt. 37). Thus, Allah argues, the standard to determine if he suffered a First Amendment violation was misapplied. (Dkt. 37).

## II. Legal Standard

Rule 60(b) allows a party to seek relief from a final civil judgment in a limited number of circumstances, including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; and (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Relief under Rule 60(b)(6) "may be invoked in only extraordinary circumstances when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal quotations omitted).

## III. Discussion

Allah asks this Court to reconsider an order entered August 24, 2016. Allah's Rule 60(b) motion was filed on June 21, 2018. Because Allah's motion pursuant to Rule 60(b)(2) was made more than a year after the order at issue, it must be denied. *See* Fed. R. Civ. P. 60(c)(1). Allah's request for relief under Rule 60(b)(6) is also unavailing. Allah states that "the 'error' which

3

rise[s] above 'excusable neglect,'" therefore permitting relief under Rule 60(b)(6), is this Court's misapplication of the standards when reviewing his First Amendment claims. (Dkt. 37 at 4).

In support of this claim, Allah points to the holding in *Coward*, which established that the plaintiff's beliefs relating to the Nations of Gods and Earth were "sufficiently religious in nature to be entitled to protection under" the Free Exercise clause. 276 F.Supp.3d at 567. Because Allah's First Amendment claims relate to his possession of material provided by the Nations of Gods and Earths, he claims this Court applied the incorrect standard in reviewing those claims. "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 238 (1997). However, even if this were one of the rare exceptions, developments in the law surrounding Allah's First Amendment claim would not have impacted this case. Summary judgment was granted for Defendants because the statute of limitations on Allah's § 1983 claim had expired. (Dkt. 30) ("Allah filed this action on June 2, 2015, more than two years after the alleged causes of action accrued. Accordingly, I conclude that Allah's claims against [Defendant Lokey] are barred by the statute of limitations."). Because Allah does not describe the extraordinary circumstances required for a Rule 60(b)(6) remedy, the Court will deny his motion for reconsideration. *See Aikens* 652 F.3d at 502 (4th Cir. 2011).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the parties.

Entered this  22nd  day of February, 2019.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

4